Turley, J.
delivered the opinion of the court.
This is a bill filed by the complainants against the executors of the last will and testament of William Conway, deceased, and the devisees of the real estate under the will, for an account for the proceeds of the land belonging to the estate of the said WiHiam- Conway, from the date of. his death, and the appropriation of the same to their benefit.
Complainants were the slaves of the said William Conway in his lifetime, but were by his will made and published on the 13th day of January, 1838, directed to be emancipated by his executors. It is obvious, from the whole context of the will, that the happiness and prosperity of his slaves was the chief object of anxiety with the testator. He says: “It has been my desire for the last twenty years, that at my death all my slaves should be liberated.” “In accordance with my constant desire for the last twenty years, I will that at my death all the negroes then belonging to my estate shall be liberated; and inasmuch as the present laws of the State of Tennessee do not allow slaves liberated by their owners to remain within the limits of the *209 State, I wish my executors to present my request in a petition to the legislature, that that honorable body may allow my slaves to remain in the State. If, however, the legislature of Tennessee should not grant the prayer of the petition, in that case it is my will that my executors should take such steps as may be found necessary to secure to my slaves their freedom in any one of the United States in which it can be done: the freedom of my slaves at my death, is the principal object of care and interest to my mind in the disposition of my property; and I desire that my executors shall use every means within their power, and do all things that may be necessary to secure that object. As from the existing laws of Tennessee upon the subject, some delay will take place before it can be ascertained whether my slaves can be allowed to remain in the State, I desire that the proceeds of my lands should be appropriated by my executors to their use and benefit, until their liberty is fully and completely secured to them in the State of Tennessee or any other State of the Union, where they may be allowed to enjoy it, or in any other country where it may be necessary for them to go in order to be free. If my slaves have to be removed temporarily or permanently out of the State, or even if they should have to be, or any of them desire to be transferred to Liberia, the expenses of such removal or transportation are to be paid out of my personal estate by my executors; and I desire that out of my personal estate a sum shall be appropriated by them to provide for the wants and support of my negroes until they can by their labor provide for themselves.”
Having thus made ample provision for the emancipation of his slaves, and their sustenance and comfort until that event should be consummated, either in the United States or out, and having charged his estate, both real and personal, with the expenses necessary thereto, the testator, by a second clause in his will, devises all his real estate to the children of his nephew William C. Hogan and to W. Conway Hale. As was anticipated by the testator, insuperable difficulties arose to the emancipation of his slaves in the United States, and his executors found it necessary, in order to carry his intentions relative thereto into effect, to procure an order from the county court of Green, *210 for their emancipation upon the condition of their, removal to Liberia: this order was made at the — term, 1841, of said court, and bond entered into for the' performance of the condition.
The point in dispute in this case arises out of the conflicting rights of the slaves and devisees under the will, the slaves claiming the proceeds of the real estate under the provisions of the will in their favor, and the devisees claiming the land under the devise in their favor, discharged from any liability for the use and benefit of the slaves from the date of the death of the testator.
A rule for the construction of wills of long standing, and one based upon principles of truth and justice, is, that the intention of the testator shall always be carried into effect, when it can be fairly ascertained, unless it be in violation of some established principle of law. That in the disposition of his property, the testator’s chief object in the'case under consideration, was the freedom and comfort of his negroes, is certain, for he says so: to defeat, then, any provision in his will made in their favor, would be to counteract the primary intention and object of the testator. This we cannot do, unless there be some principle of construction which forces such action upon us. This it is argued there is in this, that the clauses of the will appropriating the proceeds of the real estate to the use and benefit of the slaves until the period of their emancipation, and that devising the same to others in fee, are inconsistent and contradictory, and cannot therefore stand together, and that by all principles of construction the last must prevail over the first. This would certainly be true, if the two clauses of the will were inconsistent and contradictory; but we do not think they are, but that both clauses can be carried into effect without any contradiction and without defeating any expressed or implied intention of the testator. We think it certain, that the testator intended to charge his real estate to the full extent of its clear proceeds for the use and benefit of his slaves till they should be emancipated, anticipating delay in the completion of that event, and that the devise of the land in fee to others was with this charge upon it and that they take it cum onere, or in other words, that although the fee passes by the-devise to the devisee under the *211 will, yet they are not entitled to any proceeds of the land till the emancipation of the slaves, which event happened in 1842.
We therefore affirm the decree of the Chancery Court, and direct an account to be taken by the Clerk and Master of the Court, as is therein prescribed.